IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARLON H. VAN HOOK, #437084,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 24-cv-02527-JPG |
| | ) |
| **SGT. BROWN,** | ) |
| **OFFICER LANZANTE,** | ) |
| **SHIFT SUPERVISOR GREEN,** | ) |
| **SGT. MESEY, and** | ) |
| **ST. CLAIR COUNTY JAIL,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Marlon Van Hook brings this civil rights action for money damages pursuant to 42 U.S.C. § 1983 against officials at St. Clair County Jail who allegedly punished him on false disciplinary charges in order to cover up an attempted assault by Officer Lanzante. The Complaint (Doc. 1) is subject to preliminary review under 28 U.S.C. § 1915A, which requires this Court to filter out portions of the complaint that are legally frivolous or malicious, fail to state a claim for relief, or seek money damages from an immune defendant. *Id*. At this stage, the *pro se* complaint is liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 12-18): During his pretrial detention at St. Clair County Jail, Plaintiff prepared for visitation with his wife at the kiosk on October 25, 2024. *Id*. at 12. Jail rules required inmates to log on at least five minutes early. His visitation was scheduled for 7:00 p.m.

1

At 6:48 p.m., Plaintiff asked Officer Lanzante to release him from his cell for the visitation. The officer agreed to do so, after Plaintiff finished using his razor. Plaintiff said he was done, but the officer left the living quarters without releasing him. *Id*.

At 6:53 p.m., Officer Lanzante returned with a nurse to pass out medication. When they were done, Plaintiff again asked to go to the kiosk for visitation. The officer responded: "Man, I got more important things to do." *Id*. He left again.

At 6:57 p.m., Officer Lanzante returned and released Plaintiff. While doing so, the officer reminded Plaintiff that he does not "run shit" and cannot make demands. *Id*. at 13. Plaintiff stated, "I don't demand anything, I simply asked." *Id*. With that, Plaintiff exited his cell and headed toward the kiosk. Officer Lanzante blocked his path and then lunged at him in an attempt to bump the inmate with his shoulder. Plaintiff swerved to avoid the collision and made his way to the phone located beside the kiosk. *Id*.

At 6:58 p.m., Plaintiff called his wife. As he did so, Officer Lanzante threatened him, saying, "I kick your little ass. . . . I'll fuck you up!" *Id*. Plaintiff responded, "[W]ell do it then." *Id*. Officer Lanzante said he would "be right back" and left the area. Plaintiff told his wife about the threats, and she encouraged him to calm down and log onto the kiosk for the visit. *Id*.

At 7:00 p.m., Plaintiff finally logged on. The kiosk screen was blank. Officers Lanzante and Brown returned at 7:04 p.m. and informed Plaintiff that his visit was cancelled. *Id*. at 14. They ordered him to return to his cell, and Plaintiff did so without protest. *Id*.

Later the same night, Officer Lanzante and two trustees appeared at Plaintiff's cell to collect laundry. Plaintiff showed Officer Lanzante a copy of a Jefferson County disciplinary report he received and explained that he filed a lawsuit against Jefferson County officials for doing the same thing that Officer Lanzante was doing. The officer responded, "What, so you're threatening

me now?" *Id*. Plaintiff then told the officer to leave him alone. Officer Lanzante said, "You're only doing this because I'm white." *Id*. at 15.

Two hours later, Officer Lanzante, Officer Vaughn, and Sergeant Brown returned with a video camera. While recording, they ordered Plaintiff to exit his cell, patted him down, and escorted him in handcuffs to a new cell. On the way, Plaintiff told Sergeant Brown about Officer Lanzante's earlier threats and attempted assault, saying they were recorded on a security camera and phone. Without responding, Sergeant Brown placed Plaintiff in Cell F-2 with a broken toilet that wreaked of urine and feces. *Id*. Sergeant Brown and Shift Supervisor Green then denied him hygiene items, cleaning supplies, and showers. *Id*. at 4-5. He complained about these living conditions to every officer on every shift, but they provided nothing more than torn blankets to catch the leak. *Id*. at 15.

On November 1, 2024, Sergeant Mesey escorted Plaintiff to a disciplinary hearing. *Id*. at 16. There, the sergeant explained that Plaintiff was ticketed for showing Officer Lanzante a copy of the Jefferson County Jail disciplinary ticket that was issued for assaulting two federal officers. Plaintiff stated that he showed the officer his *response* to the ticket and clarified that the charges against him were dropped. Plaintiff tried to explain that he was only warning Officer Lanzante to stop harassing him, but Sergeant Mesey cut him off. Plaintiff denied all accusations, identified witnesses to the officer's misconduct, and asked the officers to review camera footage and phone recordings from October 25, 2024. Plaintiff was ultimately found guilty and punished with 30 days of no commissary, no phone calls, and no tablet. *Id*. at 17. He appealed the decision to Sergeant Mesey and Major Grimes, but they denied it as an improper grievance. Captain Collins upheld the disciplinary decision, even after admitting that he did not see video footage or listen to the phone recording. *Id*.

Plaintiff was moved from Cell F-2 to Cell F-8 (max) on November 19, 2024. Cell F-8 (max) was no better than Cell F-2. It also had broken plumbing and wreaked of urine and feces. Plaintiff had to place a shower mat on the floor to avoid slipping on the waste. *Id*. Sergeant Brown and Shift Supervisor Green still denied cleaning supplies and hygiene items. *Id*. at 4-5. Plaintiff filed grievances to complain, and Sergeant Sheldon forwarded them to the U.S. Marshals. *Id*.

## Preliminary Dismissals

1. **St. Clair County Jail**

Plaintiff identifies St. Clair County Jail as a defendant in the Complaint, but makes no allegations against the Jail. This defendant cannot be said to have notice of which claims, if any, are directed against it. FED. R. CIV. P. 8(a)(2). Moreover, the Jail is not a person subject to suit under 42 U.S.C. § 1983, *see Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012), and is not a suable entity under Illinois law. *See* FED. R. CIV. P. 17(b); *Isaacs v. St. Clair Cnty. Jail*, No. 08-0417-DRH, 2009 WL 211158, at *3-4 (S.D. Ill. Jan. 29, 2009); *Hedger v. Wexford*, No. 18-cv-2081-JPG, 2019 WL 117986, at *2 (S.D. Ill. Jan. 7, 2019). St. Clair County Jail shall be dismissed with prejudice.

2. **Non-Parties**

Plaintiff mentions several other individuals in the statement of his claim but does not identify them as defendants, including a nurse, two trustees, Officer Vaughn, Sergeant Sheldon, Major Grimes, and Captain Collins, among others. The Court will not treat these individuals as defendants. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"). Any claims against them are considered dismissed without prejudice.

## Discussion

Turning to the allegations, the Court finds it appropriate to designate the following counts in the *pro se* Complaint:

**Count 1**:  Fourteenth Amendment claim against Defendant Lanzante for threatening and/or attempting to physically harm Plaintiff without penological justification on or around October 25, 2024.

**Count 2**:  Fourteenth Amendment claim against Defendants for forcing Plaintiff to live in two separate filthy cells (F-2 and F-8 (max)) with broken plumbing that leaked feces and urine while denying him cleaning supplies, hygiene items, and access to showers beginning on or around October 25, 2024.

**Count 3**:  Fourteenth Amendment claim against Defendants for depriving Plaintiff of a protected liberty interest without due process of law by finding him guilty of false disciplinary charges and punishing him with 30 days of no commissary, phone, or tablet beginning on or around October 25, 2024.

**Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

Plaintiff's claims are governed by the Fourteenth Amendment Due Process Clause, which prohibits all forms of punishment of pretrial detainees. *See Kingsley v. Henderson*, 576 U.S. 389 (2015) (articulating standard for excessive force claims); *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018) (articulating standard for unconstitutional conditions and/or medical claims); *McCann v. Ogle Cty., Illinois,* 909 F.3d 881 (7th Cir. 2018) (same); *Rapier v. Harris*, 172 F.3d 999, 1004-05 (7th Cir. 1999) (articulating standard for disciplinary actions). "If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Kingsley*, 576 U.S. at 539. However, a pretrial detainee can pursue a Fourteenth Amendment claim for a condition or restriction that is not "rationally related to a legitimate nonpunitive governmental purpose" or for

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

5

actions that "appear excessive in relation to that purpose." *Id*. at 398. For an excessive force claim, the plaintiff must show that "the force purposefully or knowingly used against him was objectively unreasonable." *Id*. at 396-97. For other conditions, a plaintiff must set forth allegations showing that each defendant "acted purposefully, knowingly, or perhaps even recklessly" in response to conditions posing an excessive risk to his health or safety and that each defendant's actions were "objectively unreasonable" based on "the totality of the facts and circumstances faced by the individual." *Miranda*, 900 F.3d at 352-54; *McCann,* 909 F.3d at 886.

**Count 1** survives screening against Defendant Lanzante for threatening and/or attempting to physically harm Plaintiff without any alleged penological justification on October 25, 2024. **Count 2** shall proceed against Defendants Lanzante, Brown, and Green for forcing Plaintiff to live in filthy conditions with broken plumbing and leaking human waste, while denying him hygiene items, cleaning supplies, and showers in Cell F-2 and Cell F-8 (max).

**Count 3** survives screening against Defendants Lanzante, Mesey, and Brown. In this particular context, any "nontrivial punishment of a person not yet convicted" triggers the right to due process of law under the Fourteenth Amendment. *Holly v. Woolfolk*, 415 F.3d 678, 679-80 (7th Cir. 2005) (collecting cases). A pretrial detainee facing punishment with segregation or lockdown segregation for a disciplinary infraction is entitled to notice and an opportunity to be heard. *Rapier v. Harris*, 172 F.3d 999, 1004-05 (7th Cir. 1999). However, the government may take reasonable steps to effectuate pretrial detention, including steps that are necessary to ensure safety and security. *Id*. And, if those measures are reasonably related to the orderly management of the facility, they are deemed managerial and are not considered punishment. *Id*.

It is not clear whether Plaintiff's placement in F-2 or F-8 (max) constituted punishment. At this early stage, however, the Complaint suggests that Plaintiff was moved to an isolated and

filthy cell (F-2) as punishment on October 25, 2024, and he was not given notice of any disciplinary charges until he was escorted to a hearing that resulted in additional punishment on November 1, 2024.  Count 3 shall proceed for now against Officer Lanzante, Sergeant Mesey, and Sergeant Brown, who are the only defendants identified in connection with the cell transfer and/or disciplinary proceeding.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, as follows:

- **COUNT 1** survives screening against **OFFICER LANZANTE** and is **DISMISSED** without prejudice against all other defendants for failure to state a claim;

- **COUNT 2** survives screening against **OFFICER LANZANTE, SHIFT SUPERVISOR GREEN,** and **SERGEANT BROWN** and is **DISMISSED** without prejudice against all other defendants for failure to state a claim;

- **COUNT 3** survives screening against **OFFICER LANZANTE, SERGEANT MESEY,** and **SERGEANT BROWN** and is **DISMISSED** without prejudice against all other defendants for failure to state a claim; and

- **ST. CLAIR COUNTY JAIL** is **DISMISSED** with prejudice because the Complaint states no claim upon which relief may be granted against it.

**The Clerk of Court is DIRECTED to TERMINATE Defendant ST. CLAIR COUNTY JAIL as a party in CM/ECF and ENTER this Court's standard HIPAA Qualified Protective Order.**

With respect to **COUNTS 1, 2,** and **3**, the Clerk is **DIRECTED** to prepare for Defendants **OFFICER LANZANTE, SHIFT SUPERVISOR GREEN, SERGEANT MESEY,** and **SERGEANT BROWN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk should mail these forms and a copy of the Complaint (Doc. 1) and this Memorandum and Order to each Defendant's place

of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **<u>Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order.</u>**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 1/23/2025**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter an appearance and file an Answers to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive all of the defendant's Answers, but it is entirely possible that it will take **90 days** or more.  When the defendants have filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel files an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**